PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:25-CR-489-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JASHAUD ANDERSON | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 26] |

The Court considers Defendant Jashaud Anderson's Motion for a Pretrial Determination (ECF No. 26) as to whether he is eligible for enhanced sentencing under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). At a hearing, the Court heard the Parties on the matter and issued the instant ruling. Minutes of Proceedings [Non-Document] 01/29/2026. For the reasons herein and stated on the record, the Motion is procedurally granted and substantively denied.

In 2025, Defendant was charged *via* superseding indictment for violating 18 U.S.C. § 922(g)(1) as a felon in unlawful possession of a firearm and ammunition.[1] ECF No. 19. He has, *inter alia*, three previous criminal convictions for burglary under Ohio Rev. Code §

---

[1] Defendant is charged with the possession of a Glock 43X nine millimeter semiautomatic pistol with ammunition and, on a separate occasion, fourteen rounds of Ozkursan nine millimeter ammunition, twenty-nine rounds of Luger nine millimeter ammunition, two rounds of Sellier & Bellot nine-by-nineteen millimeter ammunition, and one round of Hornady nine millimeter ammunition. ECF Nos. 1 at PageID ##: 11–12, 19 at PageID #: 67.

(1:25-CR-489-1)

2911.12(A)(2).² Defendant and the United States disagree over whether those burglary offenses are "violent felonies" as contemplated by the ACCA.  ECF Nos. 26, 27.

The Sixth Circuit has resolved this issue.  In *United States v. Butler*, No. 1:18-CR-38, 2021 WL 5305929 (N.D. Ohio Nov. 15, 2021), the district court determined that burglary under Ohio Rev. Code § 2911.12(A)(2) is a "violent felony" for ACCA purposes.  On appeal, defendant argued that § 2911.12(A)(2) is broader than "generic burglary" and thus cannot be an ACCA predicate offense.  *United States v. Butler*, 790 F. App'x 782 (6th Cir. 2019) (unpublished).³  The Sixth Circuit disagreed and affirmed the district court:

> Butler contends that [Ohio Rev. Code § 2911.12(A)(2)] is too broad to fall within the scope of generic burglary under the [ACCA]. But we have already rejected that same argument with respect to a *materially identical burglary offense* under Ohio law. See *Greer v. United States*, 938 F.3d 766, 771–72 (6th Cir. 2019). What matters, we held, is that the statute limited its reach to "instances where the risk of violence is the greatest." *Id.* at 777. Those same limits apply here. Thus, the district court correctly held that Butler's conviction under § 2911.12(A)(2) was a violent felony under the Armed Career Criminal Act.

---

² *See Ohio v. Anderson*, No. CR-12-563961 (Ohio Com. Pl., Cuyahoga County Jun. 22, 2012); *Ohio v. Anderson*, No. CR-12-560556 (Ohio Com. Pl., Cuyahoga County Mar. 10, 2012); *Ohio v. Anderson*, CR-20-647658 (Ohio Com. Pl., Cuyahoga County Jan. 11, 2020).

³ To be sure, "unpublished opinions carry no precedential weight . . . and have no binding effect on anyone other than the parties to the action."  *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) (quoting *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir.1996)) (cleaned up).  The absence of binding authority, however, does not equal the absence of relevance.  While the Court's Local Rules are silent on the subject, the Sixth Circuit permits citation of unpublished opinions, orders, judgments, and other written dispositions.  See 6 Cir. R. 32.1.  As a practical matter, unpublished opinions are invaluable where no published opinions provide clarity.  See *Lafler*, 657 F.3d at 405 (noting that while unpublished decisions in the Sixth Circuit are not binding, their reasoning may be instructive or helpful); *see also Combs v. Int'l Ins. Co.,* 354 F.3d 568, 593 (6th Cir. 2004) ("Although [case] is an unpublished opinion, its reasoning is instructive."); *Boyd v. Yukins,* 99 Fed.Appx. 699, 703 (6th Cir.2004) ("Our unpublished case . . . is instructive.").  Accordingly, while *Butler* is binding on neither the Court nor subsequent Sixth Circuit panels, its persuasive reasoning and factual similarities qualify it for application herein.

2

(1:25-CR-489-1)

*Id.* at 785 (emphasis added).

By that authority, Defendant's three burglary convictions under Ohio Rev. Code § 2911.12(A)(2) are "violent felonies" under the ACCA, thereby subjecting him to the enhanced sentencing provisions therein  To the extent Defendant seeks a pretrial determination as to his armed career criminal status, the Moton is granted.  To the extent he seeks a determination in his favor, the Motion is denied.

    IT IS SO ORDERED.

| | |
|---|---|
| January 30, 2026 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |